UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROMAN FRENCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00109-JRS-MG |
| ) | |
| WEXFORD OF INDIANA LLC, ) | |
| DICK BROWN, ) | |
| THOMAS WELLINGTON, ) | |
| BRIANNA TRIMBLE, ) | |
| DOUGLAS MCGUIRK, ) | |
| AMIE WRIGHT, ) | |
| KIM HOBSON, ) | |
| L.A. VANATTA, ) | |
| NIKKI TAFOYA, ) | |
| SAMUEL BYRD, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
BY DEFENDANT DOUGLAS MCGUIRK**

Presently pending is a motion for summary judgment filed by defendant Dr. Douglas McGuirk.[1] For the reasons below, the motion, dkt. [53], is **GRANTED**.

**I. SUMMARY JUDGMENT STANDARD**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must inform the Court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of

---

[1] Also pending before the Court are motions for summary judgment filed by state defendant Richard Brown, dkt. 67, and medical defendants Dr. Samuel Byrd and Health Services Administrator Kim Hobson, dkt. 72. The Court will address the merits of those motions by separate order.

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

The Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit has assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the nonmoving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II. FACTS

The following facts are not in dispute. At all relevant times, Mr. French was a prisoner in the Indiana Department of Correction incarcerated at Wabash Valley Correctional Facility, and Dr. McGuirk was employed by the Union Associated Physicians Clinic (the "Clinic"). Dkt. 54-4 at 1. Neither Dr. McGuirk nor his employer has any contract with any governmental entity or any prison healthcare provider to provide medical services to prisoners in the Indiana Department of Correction, and these patients comprise less than 1% of Dr. McGuirk's practice. *Id*.

Dr. McGuirk saw and treated Mr. French on nine occasions between 2017 and 2019. *See generally* dkt. 54-1; *see also* dkt. 54-3 at 1-6. Specifically, Dr. McGuirk performed two hand surgeries and met with Mr. French for pre- and post-operative surgical care. Dkt. 54-3 at 1-6. Dr. McGuirk did not act under instruction or orders from the State of Indiana or any other governmental actor when he examined and treated Mr. French. *See id*. Dr. McGuirk has had no subsequent contact with Mr. French. *Id*. at 5-6.

### III. DISCUSSION

Dr. McGuirk has moved for summary judgment on the grounds that he cannot be considered a state actor for purposes of Mr. French's 42 U.S.C. § 1983 claims. Private physicians may be deemed state actors when they assume the governmental entity's duty to provide medical care to persons within its custody, such as prison inmates, pretrial detainees, and arrestees. *West v. Atkins,* 487 U.S. 42, 54 (1988); *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 827 (7th Cir.2009) ("[W]hen a physician is employed by the state to provide medical services to state prison inmates, that physician acts under the color of state law for purposes of section 1983."); *see also Ferguson v. Cook Cnty. Corr. Facility*, 836 F. App'x. 438, 442-43 (7th Cir. 2020). When a state has a constitutional duty, such as providing adequate medical care for its inmates, the "delegation of that traditionally exclusive public function to a private [party] g[ives] rise to a finding of state action." *West*, 487 U.S. at 55; *Rodriguez*, 577 F.3d at 826.

The record in this case does not establish that Dr. McGuirk acted under the color of state law or that there was any contract with the state or the prison and Dr. McGuirk to provide medical services to arrestees, detainees, or inmates such that state action can be inferred. Rather, the record shows that Dr. McGuirk had "only an incidental or transitory relationship" with state penal institutions, treating prisoners only occasionally, dkt. 54-4 at 1, which generally is not sufficient

to render a physician a state actor. *See Shields v. Illinois Dep't of Corrs.*, 746 F.3d 782, 797-98 (7th Cir. 2014). Dr. McGuirk was a privately employed surgeon operating out of the Clinic who provided appropriate medical treatment to Mr. French as he would have provided for any other pre- and post-operative patient. *See* dkt. 54-3 at 6. He treated Mr. French based on his independent medical judgment, not at the direction or in cooperation with any government actor. There is no evidence that Dr. McGuirk assumed the government's duty to provide adequate medical care for persons within their custody. The fact that Mr. French was in custody at the time he received treatment from Dr. McGuirk does not render such treatment state action. *Rodriguez*, 577 F.3d at 828; *see also Ferguson*, 836 F. App'x. at 442 ("Of course, the mere fact that [the plaintiff] was in custody at the time is not sufficient to expose the [] defendants to § 1983 liability.").

Mr. French has failed to respond to Dr. McGuirk's motion, and thus, provides no evidence from which a reasonable juror could infer an agreement by Dr. McGuirk to provide medical care to arrestees or pretrial detainees. Without some agreement or relationship by Dr. McGuirk to assume the government's medical responsibilities to its arrestees and pretrial detainees, Dr. McGuirk's treatment of Mr. French, by itself, cannot be considered state action. *West*, 487 U.S. at 56 ("[T]he dispositive issue concerns the relationship among the State, the physician, and the prisoner.").

Accordingly, he is entitled to summary judgment on Mr. French's § 1983 claims.[2]

---

[2] Because the Court finds that Dr. McGuirk was not a state actor, the Court need not address his additional argument that Dr. McGuirk's treatment of Mr. French was not deliberately indifferent. But, a review of the record supports Dr. Jeffrey Bollenbacher's opinion, dkt. 54-3 at ¶ 33, that Dr. McGuirk "fully met the standard of care in treatment of Mr. French and was appropriately responsive to his condition, complaints and concerns during that treatment." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Holloway v. Del. Cty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (deliberate indifference "requires more than negligence and it approaches intentional wrongdoing").

## IV. CONCLUSION

For the reasons discussed above, the motion for summary judgment filed by Dr. McGuirk, dkt. [53], is **GRANTED**.  The **clerk is directed** to terminate Dr. McGuirk from the docket. No partial judgment shall issue. The Court will issue its ruling on the remaining defendants' motions for summary judgment in due course by separate order.

**IT IS SO ORDERED.**

Date: 3/29/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ROMAN FRENCH
900271
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838