UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROMAN FRENCH, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:20-cv-00109-JRS-MG |
| WEXFORD OF INDIANA LLC, DICK BROWN, THOMAS WELLINGTON, BRIANNA TRIMBLE, DOUGLAS MCGUIRK, AMIE WRIGHT, KIM HOBSON, L.A. VANATTA, NIKKI TAFOYA, SAMUEL BYRD, | ) |
| Defendants. | ) |

**ORDER GRANTING WARDEN AND MEDICAL DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT**

Presently pending are motions for summary judgment filed by defendants Warden Richard Brown, Dr. Samuel Byrd, and Nurse Kim Hobson. For the reasons stated below, the motions, dkt. [67], [72], are **GRANTED**. Additionally, Mr. French's motion for status, dkt. [77], is **GRANTED** to the extent that this Order resolves the pending motions.

**I. SUMMARY JUDGMENT STANDARD**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must inform the Court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

The Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit has assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

Mr. French failed to respond to the defendants' summary judgment motions. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"). This does not alter the summary judgment standard, but it does "[r]educe[] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997). Thus, "[e]ven where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s

2

proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II. UNDISPUTED FACTS

At all relevant times, Mr. French was a prisoner in the Indiana Department of Correction incarcerated at Wabash Valley Correctional Facility ("WVCF"), Dr. Byrd was a physician at WVCF, Nurse Hobson was the WVCF Health Services Administrator, and Warden Brown was the WVCF Warden. *See* dkts. 62-1 at 1; 62-2 at 1; and 68 at 1, fn. 1.

Mr. French has a long history of injury and pain associated with his left hand and shoulder since suffering a gunshot wound in February 1992. Mr. French's medical records are voluminous, *see* dkts. 54-1; 62-3; and 62-4, and a recitation of every medical appointment is neither helpful nor necessary to address the remaining defendants' pending motions. Mr. French's health history reflects frequent medical visits for pre- and post-operative care of his left hand and wrist, the central issue in this case.

Dr. Byrd first examined Mr. French on August 1, 2017, for complaints of left hand pain. Dkt. 62-1 at 1-2. Following that initial visit, Dr. Byrd referred Mr. French for examination by a hand or wrist specialist to determine if Mr. French was a surgical candidate. *Id*. Mr. French was subsequently seen by orthopedic specialist Dr. Douglas McGuirk on October 26, 2017. *Id*. at 2. Dr. McGuirk saw and treated Mr. French on nine occasions between 2017 and 2019, ultimately performing two surgeries related to Mr. French's left hand and shoulder injuries. *See* dkts. 54-1; 54-3 at 1-6. During that same time, Dr. Byrd continued to treat Mr. French onsite at WVCF. *See* dkt. 62-1 at 2-5. This treatment included ordering X-rays and other diagnostic testing, administering corticosteroid injections, prescribing steroid and pain medications, performing exams, ordering a bottom-bunk pass, and providing post-operative care. *Id*. at 3-5. Dr. Byrd also

3

submitted off-site requests for Mr. French to receive the two surgeries and post-operative care by Dr. McGuirk, to receive a custom splint, and to attend occupational therapy. *Id*.

Dr. Byrd attests that he provided adequate and appropriate medical treatment to Mr. French in line with his professional judgment and Dr. McGuirk's recommendations. *Id*. at 5. He further attests that, in his professional medical opinion, Mr. French did not require any different medical treatment than what was provided to him. *Id*.

Mr. French testified in his deposition that he believes the medical treatment provided to him was delayed. *See* dkt. 62-5 at 59-60. He filed four formal grievances to which Nurse Hobson responded. *See* dkts. 67-2; 67-3; 67-4; and 67-5. Nurse Hobson attests in her affidavit that she "was not involved in any of the decision-making process regarding care and treatment of Mr. French." Dkt. 62-2 at 2.

Mr. French appealed Nurse Hobson's responses, and Warden Brown denied each of the appeals. *See* dkts. 67-2 at 6; 67-3 at 6; 67-4 at 6; and 67-5 at 5. In its Screening Order, the Court allowed claims of deliberate indifference to proceed against Warden Brown, Kim Hobson, and Drs. Byrd and McGuirk. *See* dkt. 7. The Court addresses Dr. McGuirk's Motion for Summary Judgment, dkt. [53], in a separate order.

### III. DISCUSSION

Mr. French was a convicted prisoner at all relevant times. This means that the Eighth Amendment applies to his deliberate indifference claim. *Estate of Clark v. Walker*, 865 F.3d 544, 546, n.1 (7th Cir. 2017) ("the Eighth Amendment applies to convicted prisoners"). To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Farmer*

*v. Brennan*, 511 U.S. 825, 837 (1994); *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019); *Petties v. Carter,* 836 F.3d 722, 728 (7th Cir. 2016); *Pittman ex rel. Hamilton v. Cty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750−51 (7th Cir. 2011). "[A]n inmate is not entitled to demand specific care and is not entitled to the best care possible…." *Arnett,* 658 F.3d at 754. Rather, inmates are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id.*

"A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014). The "subjective standard requires more than negligence and it approaches intentional wrongdoing." *Holloway v. Del. Cty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012).

**A. Dr. Byrd**

A medical practitioner can show deliberate indifference by a "treatment decision that is 'so far afield of accepted professional standards' that a jury could find it was not the product of medical judgment." *Cesal v. Moats*, 851 F.3d 714, 724 (7th Cir. 2017) (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). "A negligent exercise of medical judgment is not enough to show deliberate indifference. Plaintiff must show a failure to exercise medical judgment at all." *Howell v. Wexford Health Sources, Inc.,* 987 F.3d 647, 660 (7th Cir. 2021). The Seventh Circuit has explained that "[a] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have [recommended the same] under those circumstances." *Pyles*, 771 F.3d at 409.

Here, the undisputed evidence shows that Dr. Byrd exercised his professional judgment when making treatment decisions for Mr. French, and based on the evidence in the record, no reasonable juror could find that Dr. Byrd's treatment of Mr. French "was not the product of medical

5

judgment." *Cesal*, 851 F.3d at 724; *see also Zaya v. Sood*, 836 F.3d 800, 805 (7th Cir. 2016) ("By definition a treatment decision that's based on professional judgment cannot evince deliberate indifference because professional judgment implies a choice of what the defendant believed to be the best course of treatment."). The undisputed evidence shows that Dr. Byrd not only treated Mr. French's complaints of left-hand pain onsite at WCVF, but also promptly and consistently referred him to outside specialists for surgical assessments, surgery, and pre- and post-operative care. Mr. French has waived his opportunity to present contrary evidence.

Because no reasonable juror could find that Dr. Byrd was deliberately indifferent to Mr. French's serious medical needs, he is entitled to judgment as a matter of law.

**B. Nurse Hobson**

Mr. French's only allegation against Nurse Hobson is that she denied him an ice pass while he was experiencing pain. *See* dkt. 1 at 7. As a nurse whose job duties are primarily administrative in nature, Nurse Hobson was entitled to defer to Mr. French's physicians about his course of treatment. *Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir 2006) (finding it proper for health care unit administrator—who was also a nurse—to defer to a physician's diagnosis); *but see Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010) (nurses may not blindly defer to a physician's "inappropriate or questionable practice.").

Here, there is no evidence that Ms. Hobson was confronted with inappropriate or questionable practices on the part of the Mr. French's physicians, or that she was otherwise deliberately indifferent to Mr. French's serious medical needs. She attests in her affidavit that she "was not involved in any of the decision-making process regarding care and treatment of Mr. French." Dkt. 62-2 at 2. To the extent that Mr. French alleges that Nurse Hobson improperly denied him an ice pass, the undisputed evidence in the record reflects that she did not. *See id*. ("I do not

6

have the authority to issue ice passes, nor would I deny an offender an ice pass if a physician had ordered one."). No reasonable jury could resolve this action in Mr. French's favor with respect to Nurse Hobson. Accordingly, Nurse Hobson is entitled to summary judgment.

### C. Warden Brown

Finally, Mr. French has sued Warden Brown for deliberate indifference to his serious medical needs. "Non-medical officials are presumptively entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care." *Eagan v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021) (cleaned up); *see also King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (reiterating that non-medical officers "were 'entitled to defer to the judgment of jail health professionals so long as [they] did not ignore [the prisoner]'") (alterations in original) (quoting *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) ("Non-medical defendants ... can rely on the expertise of medical personnel.").

That is the case here. The undisputed evidence in the record shows that Warden Brown's actions were not deliberately indifferent. Warden Brown did not "ignore" Mr. French, *see King*, 680 F.3d at 1018, but rather responded to each of Mr. French's four grievances appeals. *See* dkts. 67-2 at 6; 67-3 at 6; 67-4 at 6; 67-5 at 5. Mr. French disagreement with the outcomes of those appeals does not give rise to a constitutional violation. Because the undisputed evidence shows that Warden Brown reasonably relied on the judgement of the medical professionals caring for Mr. French, Warden Brown is entitled to judgment in his favor as a matter of law.[1]

---

[1] Because there was no constitutional violation, the Court need not address Warden Brown's qualified immunity defense.

## IV. CONCLUSION

For the reasons discussed above, the motions for summary judgment filed by Warden Brown, Nurse Kim Hobson, and Dr. Samuel Byrd, dkt. [67] and [72], are **GRANTED**.

Mr. French's motion for case status, dkt. [77], is **GRANTED** to the extent that this order resolves the pending summary judgment motions in this matter.

Judgment consistent with this ruling, the ruling on Dr. McGuirk's Motion for Summary Judgment, dkt. [53], and the Court's screening order at Docket No. 7 will now issue.

**IT IS SO ORDERED.**

Date:  3/29/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ROMAN FRENCH
900271
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838